BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE GREAT WESTERN
RANCHES LITIGATION

DOCKET NO. 143

## OPINION AND ORDER

BEFORE ALFRED P. MURRAH*, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

      Great Western Ranches, Inc. filed a petition for reorganization in the Northern District of California. Shortly thereafter, one of the original incorporators filed two actions in that district against Great Western and others, alleging violations of the federal securities laws on the ground that he was fraudulently induced to exchange his real and personal property for common stock of Great Western. The trustee for Great Western also filed an action in the Northern District of California alleging fraud in connection with the offer and sale of securities of Great Western as well as corporate mismanagement and breach of fiduciary duty by Great Western's former principals and agents.

      The First National Park Bank of Montana, one of the defendants in the trustee action, allegedly committed fraud in order to insure the repayment of its loans to two of the principal promoters of Great Western. The California court has severed the claims against the bank and transferred them to the

---

*   Although Judge Murrah was not present at the hearing, he has, with the consent of all parties, participated in this decision.

- 2 -

District of Montana pursuant to 12 U.S.C. §94. [1]

The trustee now moves the Panel for an order transferring the Montana action to the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. First National Park Bank opposes transfer. We find that these actions involve common questions of fact and that transfer of the Montana action to the Northern District of California will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Movant contends that transfer is necessary in order to avoid duplication of discovery because the factual issues underlying the bank's alleged fraudulent conduct are common to all actions. The bank, on the other hand, points out that it is a defendant in only the Montana action and argues that this action has few factual issues in common with the California actions since its alleged fraudulent conduct was a single and isolated act of preparing and delivering a false and misleading letter concerning the financial condition of Great Western

In order to prevail on his cause of action against the bank, plaintiff necessarily will seek discovery about Great Western's financial condition. The factual issues relating to Great Western's financial affairs are also common to the other actions in this litigation. Transfer is therefore necessary

---

[1] The operation of 12 U.S.C. §94 does not preclude transfer under 28 U.S.C. §1407 because the latter is not encumbered by venue considerations. Transfer under Section 1407 is only for coordinated or consolidated pretrial proceedings. Trial of this action will still take place in the District of Montana.

in order to prevent duplication of discovery and eliminate the possibility of conflicting pretrial rulings.

Since all of the actions except the bank action are already pending in the Northern District of California, that district is clearly the appropriate transferee forum for this litigation. In addition, virtually all of Great Western's documents are located in that district because the bankruptcy proceeding is also pending there.

IT IS THEREFORE ORDERED that the action listed on the attached Schedule A pending in the District of Montana be, and the same hereby is, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Alfonso J. Zirpoli for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions already pending there and listed on Schedule A.

| | |
|---|---|
| SCHEDULE A | DOCKET NO. 143 |

### DISTRICT OF MONTANA

| | |
|---|---|
| Stuart M. Kaplan, Trustee for Great Western Ranches, Inc. v. Snellen M. Johnson, et al. | Civil Action No. 2305 |

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stuart M. Kaplan, Trustee for Great Western Ranches, Inc. v. Snellen M. Johnson, et al. | Civil Action No. C-72-1223-ACZ |
| Clifton Hildebrand, et al. v. Great Western Ranches, et al. | Civil Action No. C-70-1194-ACZ |
| Clifton Hildebrand v. Peat, Marwick Mitchell & Co., et al. | Civil Action No. C-71-557-ACZ |